**ALASKA PULP CORPORATION, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 95–153C.**

United States Court of Federal Claims.

Filed June 25, 1999.

Reissued for Publication: Sept. 14, 1999.

Terrence O'Donnell, Williams & Connolly, Washington, D.C., for plaintiff.

Jane W. Vanneman, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for defendant.

### *OPINION and ORDER*

BASKIR, Judge.

### *SUMMARY*

The Court held a status conference on June 15, 1999, reviewing the pending motions in this case. Although the substantive issues addressed by the motions were not argued, the parties offered information to further their respective positions. These motions have been exhaustively briefed. The Court is able to rule on the following outstanding issues without further argument:

I   *Rule 45: Production of Attorney Work–Product and Waiver of Privilege*

    ● Regarding Plaintiff's Motion for Protective Order, dated February 24, 1999, the Court issues an INTERIM ORDER directing Plaintiff to submit affidavits or counsel declaration describing efforts to

prevent delivery of privileged documents.

II *Stay of Discovery: Plaintiff's "Political Conspiracy Theory"*

- Defendant's Motion for Reconsideration, dated June 15, 1999, is DENIED.

III *Protective Order: Third Party Subpoenas Duces Tecum and Restrictions on Inter–Agency Sharing of Information*

- Defendant's Motion to Compel, dated March 5, 1999, is GRANTED IN PART AND DENIED IN PART.
- Plaintiff's Cross–Motion for Protective Order, dated March 19, 1999, is GRANTED IN PART AND DENIED IN PART.
- Industrial Bank of Japan's Cross–Motion for Protective Order, dated April 15, 1999, is GRANTED IN PART AND DENIED IN PART.
- Rollo Pool's Cross–Motion for Protective Order, dated May 20, 1999, is GRANTED IN PART AND DENIED IN PART.
- PricewaterhouseCoopers' Cross–Motion for Protective Order, dated April 9, 1999, is GRANTED IN PART AND DENIED IN PART.

IV *Summary Judgment Briefing: Defendant's Requests for Enlargements of Time*

- Defendant's Motion for Reconsideration of the Case Management Schedule (March 16, 1999) is DENIED.
- Defendant's Motion (June 10, 1999) for an Enlargement of Time Within Which to File its Reply to Plaintiff's Opposition and its Opposition to Plaintiff's Cross–Motion for Partial Summary Judgment (Contract Requirement of Primary Manufacture and Pulp Mill Operations) is DENIED.
- Defendant's Motion (June 10, 1999) for an Enlargement of Time Within Which to File it's Reply to Plaintiff's Motion for Summary Judgment (Tongass Timber Relief Act Constitutes Breach of Contract) is DENIED.

V *Motion to Compel Privilege Logs: Defendant's Requests for Enlargements of Time*

- Defendant's Alternative Motion (June 7, 1999) for an Enlargement of Time Within Which to File Its Opposition to APC's Motion to Compel and to Produce All of Defendant's Documents and Associated Privilege Logs is hereby DENIED.
- Defendant's Motion (June 7, 1999) for an Enlargement of Time Within Which to Produce Privileged Logs is hereby DENIED.
- Defendant's Alternative Motion (June 7, 1999) for an Enlargement of Time to Produce All of the Government's Documents is DENIED.
- Plaintiff's Unopposed Motion (June 24, 1999) to Suspend for one week (until July 2, 1999) the Briefing Schedule on its Motion to Compel Privilege Logs is GRANTED.

\* \* \*

## MOTIONS

I. *Rule 45: Production of Attorney Work–Product and Waiver of Privilege*

During the months of November–December 1998 and January 1999, the Defendant issued a series of subpoenas *duces tecum* to a number of third parties. The Plaintiff asserts it first became aware of some of these subpoenas in January 1999. It contended, first to the Defendant informally, and then in formal papers filed in Court, that nine of these subpoenas had been issued without notice to the Plaintiff, as required by Rule 45. The matter was exhaustively briefed, and the parties made further observations about their positions during the Status Conference on June 15, 1999. The Plaintiff sought a Protective Order as to documents delivered under subpoena to CH2M Hill Corporation (Hill), and in that regard, only as to a limited number of documents for which the Plaintiff claims attorney work product privilege. In order to preserve the status quo, the Court on May 21, 1999, directed the Defendant's counsel to collect all copies of the contested

documents previously delivered and place them physically in safekeeping.

In its filings, the Plaintiff submitted affidavits showing that its mail room keeps logs on all documents it receives. A search of the logs revealed no entries for the nine contested subpoenas. In response, the Defendant, upon direction of the Court, submitted affidavits describing its office procedure for Rule 45 notices. When a subpoena is to be served, the Defendant's counsel sends an instruction letter to the appropriate U.S. Marshal's office. The letters for the nine third party subpoenas each contain a notation at the bottom: "cc Terrence O'Donnell," Plaintiff's counsel. Defendant counsel's practice was then to instruct either her secretary or paralegal to prepare copies of the subpoena papers and send them to Plaintiff's counsel, either by hand or by mail. Defendant's counsel could not determine whether the copies had been actually prepared and delivered (and whether by hand or by mail) to Plaintiff's counsel in these nine instances.

■ While there may be a presumption that the U.S. Mail delivers materials entrusted to its care, the Defendant has not shown that copies of these subpoenas were placed in the mail. The only specific thing the Defendant can show is that the instruction letter to the U.S. Marshal's office had a "cc" notation. The Government cannot show that copies actually were made or directed to Plaintiff's counsel. It is also insufficient, as Defendant seems to assert, that an officer of the client chanced to learn of the Hill subpoena from an officer of Hill a day or so before the documents were sent to the Defendant. Accidental knowledge of the client does not satisfy Rule 45's requirement that a party's attorney give formal notice to the other party's counsel.

■ Defendant's submission shows nothing more than the regular office procedure *no doubt followed by many legal offices.* It does not show that Defendant's standard operating procedure was actually followed in these nine instances. Accidents happen, and it appears that was the case here. On the other hand, Plaintiff's showing is about all one could reasonably expect in an effort to prove a negative. We thus conclude that

Defendant failed to give notice to Plaintiff in these nine instances.

Since the Plaintiff claims prejudice only as regards the Hill documents, and then only some of them, no remedy is sought for the balance. Nonetheless, the Court and not the parties is the ultimate guardian of the Court's Rules. Were this a matter of more than apparent inadvertence, action to vindicate the Rules would be in order, irrespective of a party's prejudice. The Court is pleased that Defendant has wisely altered its practices to ensure against errors of this kind in the future.

Plaintiff seeks return of the claimed attorney-work product documents submitted by Hill. However, the Defendant further claims that Plaintiff waived privilege by submitting directly to Defendant the so-called "Craft Memorandum." The document was included in Plaintiff's delivery to Defendant in October 1998 of some 70,000 pages. The document is also claimed privileged as attorney work product. Defendant asserts that its delivery by Plaintiff not only waives privilege as to the document itself, but also operates as a "subject matter waiver" as to similar documents, to wit, the Hill documents.

In order to preserve the Craft Memorandum *status quo,* the Court in its Order of May 21, 1999, directed the Government to collect all copies of this material, and to place them in a physically secure place. The Court also ordered the copy filed by the Defendant to be sealed.

Defendant's claim of "subject matter waiver" is not ripe for decision. Plaintiff has asserted in its filing of May 13, 1999, that the delivery of these documents to Defendant was inadvertent. The Court directs Plaintiff to submit no later than July 6, 1999, either affidavits or counsel declaration describing the efforts it took to prevent delivery of these privileged documents. If Defendant has specific factual objections, it may submit them, with supporting facts, no later than July 16, 1999.

II *Stay of Discovery: Plaintiff's "Political Conspiracy Theory"*

The Defendant seeks to bar the Plaintiff from conducting the deposition of former

Secretary of Agriculture Michael Espy and other discovery in support of its so-called conspiracy theory. The Court previously denied a last-minute motion to bar the deposition of Mr. Espy planned for earlier this month. The Defendant has not elaborated on the grounds in support of these requests. Rather, it refers to a motion for summary judgment and supporting points and authorities it intends to file sometime in the future. That is not sufficient.

The Defendant's June 15, 1999, Motion for Reconsideration of the Court's Order Dated June 1, 1999, Denying Defendant's Motion for Protective Order; Defendant's June 15, 1999, Motion for Protective Order Relating to Independence of Contracting Officer's Final Decision and APC's Political Conspiracy Theory; and Defendant's June 15, 1999, Alternative Motion for Rule 31 Deposition Upon Written Questions of any Government Officials Relating to APC's Political Conspiracy Theory, are hereby DENIED.

III  *Protective Order: Third Party Subpoenas Duces Tecum and Restrictions on Inter–Agency Sharing of Information*

■ The Defendant has served subpoenas *duces tecum* on a number of third parties. They in turn seek a protective order barring the Department of Justice (DOJ) from sharing the document production with other DOJ and Federal Government, State and local offices and agencies. The Government contends it is obligated to do so pursuant to DOJ policy and offers an Attorney General memorandum in support. The third parties do not read the memo that way and, in any event, this Court is not obligated to vindicate internal DOJ administrative procedures.

The Court concludes that the Government has not made its case for being allowed to distribute the fruits of their third party subpoenas without limitation. Third parties drawn into litigation between others suffer enough cost and inconvenience, and should not be required to sacrifice their privacy without good reason.

Accordingly, Defendant's March 5, 1999, Motion to Compel Alaska Pulp Corporation (APC) and Parties Subject to Defendant's Subpoena *Duces Tecum* to Produce Documents and to Allow the Department of Justice (DOJ) to Share Information and Documents Relating to APC and the Third Parties Subject to Defendant's Subpoenas With Other Federal, State and/or Local Agencies ("Motion to Compel") and APC's (March 19, 1999), Industrial Bank of Japan's (April 15, 1999), Rollo Pool's (May 20, 1999), and PricewaterhouseCoopers' (April 9, 1999) Oppositions and Cross Motions for Protective Orders, are hereby GRANTED IN PART AND DENIED IN PART.

The Defendant, Plaintiff and all third parties shall be bound by the attached Provisional Protective Order, entered this same day. Third parties subject to Defendant's subpoena *duces tecum* shall produce documents as requested in Defendant's Motion to Compel. Only parties admitted under the Provisional Protective Order will have access to documents given to Defendant pursuant to this Order.

The third parties from whom Defendant has requested documents in Defendant's Motion to Compel, APC, and Defendant have until July 6, 1999, to recommend technical corrections to the Provisional Protective Order. The opportunity to submit technical corrections is not an invitation to re-litigate issues already decided.

IV  *Summary Judgment Briefing: Defendant's Requests for Enlargements of Time*

The Defendant has requested enlargements of time in which to submit its responsive pleadings on two pending Summary Judgment motions. As an initial matter, the Court has repeatedly stated it will not revisit Judge Margolis' case management schedule. Therefore, Defendant's Motion for Reconsideration of that schedule, filed March 16, 1999, which has been implicitly rejected, is formally DENIED.

Deadlines for these and other matters were set by Judge Margolis in March of this year in full contemplation of discovery yet to be provided by Plaintiff. Defendant's reply on the contract requirement and its opposition to Plaintiff's cross-motion on the same subject were due on June 15, 1999. Essen-

tially, Plaintiff's response to Defendant's motion has raised issues of contract interpretation. Defendant has not made a case that an extended review of Plaintiff's document production or further discovery is necessary for an effective response. Notwithstanding the limited issues involved, on April 9, 1999, the Court granted an enlargement of 90 days in response to Plaintiff's request for more time. Now Defendant requests an additional 251 days within which to file its brief. This request is DENIED. The Defendant shall submit its brief forthwith.

Plaintiff filed its Motion for Partial Summary Judgment alleging the Tongass Timber Relief Act constituted a breach of contract on March 24, 1997. Judge Margolis' Order requires the Defendant to file its opposition to this motion by July 9, 1999. Defendant now requests an enlargement of 357 days within which to oppose the 2-year-old motion. That request is also DENIED for the same reasons.

V *Motion to Compel Privilege Logs: Defendant's Requests for Enlargements of Time*

The Defendant has requested that should the Court deny Defendant's Motion to Strike, the Court grant Defendant sixty days after the denial to file an opposition to APC's motion to compel. This motion is DENIED.

The Defendant has also requested that if either Defendant's motion to strike or its motion for relief from the requirement to provide certain privilege logs is denied, the Court grant Defendant sixty days after its denial to produce privilege logs. This motion is DENIED.

The Defendant additionally requested an enlargement of time of 168 days to produce all its documents and associated privilege logs. This motion is DENIED.

Joint or unopposed motions for modest enlargements of time for good cause will be viewed sympathetically, especially if the parties are using the time to reconcile differences. Accordingly, Plaintiff's unopposed motion (June 24, 1999) to stay the briefing schedule for one week until July 2, 1999, on its motion to compel privilege logs is GRANTED.

The parties are advised that the Court will otherwise entertain no motions for enlargement of time absent exigent circumstances.

IT IS SO ORDERED.